IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, ) No. 4:16-CR-00110-BCW-1
) March 31, 2017
v. ) Kansas City, Missouri
) CRIMINAL
JAMES EVERETT, )
)
Defendant. )

JURY TRIAL TRANSCRIPT - DAY 3
VOLUME 3 OF 3
BEFORE THE HONORABLE BRIAN C. WIMES
UNITED STATES DISTRICT JUDGE

Proceedings recorded by electronic voice writing
Transcript produced by computer

APPEARANCES

For Plaintiff: MR. JEFFREY QUINN MCCARTHER
United States Attorney's Office - KCMO
400 E. 9th Street, 5th Floor
Kansas City, Missouri 64106

MS. COURTNEY R. PRATTEN
United States Attorney's Office - KCMO
400 E. 9th Street, 5th Floor
Kansas City, Missouri 64106

For Defendant: MR. WILLIAM ERMINE
Federal Public Defender's Office - KCMO
818 Grand Avenue
Kansas City, Missouri 64106

I N D E X

| Description: | Page: |
| --- | --- |
| Question by the Jury: | 3 |
| Instruction No. 26 read to the Jury: | 10 |
| Court declares a mistrial: | 13 |


Case 4:16-cr-00110-BGW Document 141 Filed 08/18/17 Page 2 of 15

March 31, 2017

(Proceedings began at 9:16 AM)

THE COURT: Last night you all left probably around 6:00. I called the Jury in. I told them that we are going to recess and convene back here in the morning. I read to them the instruction not to talk to anybody. They left out the doors here. Then probably within two minutes one juror came back, two jurors came back, and then three jurors ultimately ended up in the courtroom. They started to ask Ms. Baldwin procedurally how they do something. I ended up saying, you know, what you need to do is you all leave. Don't worry about it and come back in the morning. Whatever you have, any question you have, concerns, you need to write it down. When everyone gets here you need to write it down and we will address it in the morning. So here we are. They all got here they immediately had a jury question for the Court and here we are.

So question we are not going to be able to reach a unanimous decision. Signed at 9:00 a.m. by the foreperson Ms. Thompson, Juror No. 2. I'm open to thoughts and suggestions. Mr. McCarther?

MR. MCCARTHER: Is there any indication whether it is to both counts, one count?

THE COURT: No indication.

MR. MCCARTHER: All right. I guess my only

suggestion is to give what is known as the hammer instruction. And if they come back and say it's not going to happen then -- I don't know.

THE COURT: Mr. Ermine?

MR. ERMINE: I agree with that solution. I think it is just a question of timing.

THE COURT: And I agree. I agree to the timing issue. But as a practical matter I'm open to any suggestions on what we do in the interim. I mean, this seems to me this may be the timing now, but I'm open to listen to any other thoughts or suggestions that you all have.

MR. ERMINE: My only suggestion would be at this point to give a modified version of the Allen Charge. Maybe it doesn't go quite so far. I mean, you guys are sworn to do your job, to deliberate, and your verdict. Kind of a nice version of the Allen Charge perhaps. And if we need to pull out the actual hammer later.

THE COURT: So you are suggesting that the Court verbally or are you suggesting that we modify the hammer?

MR. ERMINE: I would suggest verbally bring the Jury in. And maybe it's appropriate for the Allen charge. We all agree that keeping the Jury passed today is not a fruitful endeavor. I think we all agree maybe 3:00 would be a reasonable time. And we had talked about giving perhaps the actual Allen charge around noon. That's why I'm suggesting


Case 4:16-cr-00110-BCW Document 141 Filed 08/18/17 Page 4 of 15

giving a pared down, softer version of the charge this morning. Sending them back to deliberate for a few hours through lunch, give the Allen charge and after that give them the hammer.

THE COURT: Well, and I'll let you respond, Mr. McCarther, but notwithstanding even if you have to give the Allen to call them out to address the question is this not reaching a unanimous verdict, is this related to both counts, and just talk to them about that.

MR. MCCARTHER: I think I mostly agree with what Mr. Ermine said. But I think if we can get some clarity on whether it is to both counts, whether it is to Count One, to Count Two, I think that might -- that certainly might influence what times we are going to talk about. I mean, if they are sitting in there right now and they are not deliberating because they concluded that they can't come to an agreement then we might as well give the Allen charge at this time.

THE COURT: I think they are just waiting on my response right now I would suspect.

MR. MCCARTHER: Right.

THE COURT: So they probably aren't. I would imagine they are not. I think they are waiting to hear from me.

MR. MCCARTHER: Right. And to the extent that the


Case 4:16-cr-00110-BCW Document 141 Filed 08/18/17 Page 5 of 15

Court gives the hammer charge, I just -- hopefully the Jury knows that they don't have to reach a unanimous verdict on both counts. You know what I mean? If they have reached a unanimous verdict to one count but not the other, then there is still a verdict in play.

MR. ERMINE: I think it might be good for us to know. Maybe they don't know that it doesn't have to be both counts.

THE COURT: Yeah, although there is an instruction that tells you.

MR. ERMINE: Right.

THE COURT: Well, I'm going to call them out and I'm going to get some clarification from them. Is this an impasse on both counts, one and two? And secondly, let me look at the Allen charge because I want to be very careful in my words as I talk to them and see if I can take some wording out of that. And then I'll let you know what I have to say. Let me look at the Allen charge. I want to be very clear. I agree with you Mr. Ermine with maybe a softer version if you will I can get there. If not I may decide. I don't know. I think that is the Court to take. So give me about five to ten minutes.

o0o

THE COURT: I have an instruction the more kindly asserted instruction I guess it is that I got from Judge Smith. The other is I think the hammer. I think the one that


Case 4:16-cr-00110-BCW Document 141 Filed 08/18/17 Page 6 of 15

Judge Smith has is kind of what you suggest, Mr. Ermine. I think it is right in that area. The one 10.02 is the full out Allen instruction which is a bit harsher. But I wanted to give you guys that so you can take a peek.

Now, the only question is do I simply read the instruction that I've -- now, this by the way, just to give you background. Judge Smith gives it out every time just in his normal instructions. That way it doesn't have such the impact later if you ever come to this situation. So the question is, if I read this one to them and give this to them as an instruction, then we later come back and make this Instruction No. 26 or do we end it if they can't make a decision. I'll let you respond.

MR. ERMINE: I might have the same thought that you are about to say. I think if they come out and say that they are hung on both, maybe we give them the Allen, go back and deliberate. If they are hung on one, give the soft instruction and reserve the Allen charge for later.

THE COURT: It wasn't, but I like that approach. Mr. McCarther?

MR. MCCARTHER: I think I'm saying the same thing. Yes, we give the lighter instruction and if they come back and say they have a verdict on one and hung on the other, I say we just accept their verdicts. If they are hung on both, I say we give them the Allen charge. I think we said the same

thing.

THE COURT: No. Mr. Ermine said if they split and hung on one and not the other, give them the soft one and sent them back. If they are hung on both, give them the harsh one.

MR. ERMINE: Yes.

THE COURT: So here's what I'm going to do. They both will be labeled 26. So no matter what they're going to be sent back something. If, in fact, they are hung on both, we give them the harsher Allen. If they are hung on one we give Allen light for lack of a better word. I'll make sure I give them the right one.

We are going to get this instruction prepared. I will give you guys a copy. Depending on what they say. And then we will call them back.

o0o

THE COURT: Mr. Everett, it is my expectation that you handle yourself in a proper manner appropriate for court, right? I don't want there to be any reason for me to make a decision on whether you have to be restrained or not or if any one feels that your actions are such. I understand that you are trial. And I understand the level of anxiety that may result. But what I don't want is in that anxiety or that feeling that we're not conducting ourselves in the manner which is going to require me to make some decisions about you here in the courtroom. And I don't want to have to go there.

So I think we can conduct or we can communicate in a way, you know, to get whatever point you want to get across presumably with your attorney without causing a ruckus here in court. Because ultimately my responsibility is to make sure we maintain the dignity and respect that a court in my opinion at least deserves. So fair enough?

MR. EVERETT: Okay.

THE COURT: That's all I had to say.

o0o

(Proceedings began at 9:50 AM)

THE COURT: Okay. We're going to call the Jury out and I will speak with them.

(THEREUPON, the jury enters the courtroom; WHEREUPON, the following proceedings were had in the presence of the jury.)

THE COURT: Okay. Well, good morning. The Court had received an instruction or a question from the foreperson indicating that the Jury was at an impasse or hung, is that correct? And when I speak to the Jury, I am speaking to the foreperson. Is that correct?

MS. THOMPSON: Yes, sir.

THE COURT: Okay. And I just want to be very clear -- let me start off here that we all recognize that each count is a separate crime. And you consider those separately. And you can return a separate verdict for each count.

So my question to the foreperson is this. Is the


Case 4:16-cr-00110-BCW Document 141 Filed 08/18/17 Page 9 of 15

Jury at an impasse or hung -- and I don't need to know what. On both of the counts or one of the counts?

MS. THOMPSON: On both, sir.

THE COURT: Okay. At an impasse on both of the counts. Okay.

With that said, I have an instruction that is going to be Instruction No 26 and I'm going to read this to the Jury. And you will have a copy of this to take back with you to the jury room.

(THEREUPON; Instruction No. 26 was read to the Jury by the Court.)

THE COURT: We will be in recess.

(THEREUPON, a short recess was had; WHEREUPON, the following proceedings were had.)

THE COURT: Instruction No. 23 which is the possession instruction. The question for a person to be in constructive possession do they have to know the object is there? The definition of actual possession states they knowingly have control. Can the same be said of constructive possession? Signed by the foreperson.

The response that I anticipate on sending back but I will let you guys have thoughts is it is the Jury's responsibility to remember the evidence and follow the Court's instruction. I mean, before we directed them to the instructions. They know it's 23.

Anything from counsel?

MR. MCCARTHER: No, Your Honor.

THE COURT: I'll attach this. Again, they will understand that they have got to do this.

o0o

THE COURT: Okay. We have our latest question. We will not be able to make a decision and it is becoming uncomfortable and hostile.

You all usually are talking and now it is crickets.

MR. MCCARTHER: Your Honor, I don't think instructing them with another Allen charge is going to change that.

THE COURT: Yeah, we gave the more coercive charge the first time.

MR. ERMINE: I agree with counsel.

THE COURT: I thought will be to call them out, declare a mistrial, thank them, and we'll go from there.

I will say, we call them out, I will run back, I want you guys to stick around. I want to talk larger picture on another time to try this thing or what folks are thinking. But I'd like to hear from you. If that's the case. I don't know. We can talk now, hell.

MR. ERMINE: My only thought would be when you are going to bring them out, are you going to ask the foreperson, I got this note, is this the way things stand?

THE COURT: Yes, I will. Thank you.

MR. MCCARTHER: I have nothing further.

THE COURT: So what are we thinking? You want to retry or is this not the time, do you guys need time? I was telling them, hell, I'll do it next week. I will. I'll just clear it off and I'll get it down. But I understand that there maybe some other things going on.

MR. ERMINE: I'm available next week.

MR. MCCARTHER: That is not going to work with my schedule. I believe Mr. Ermine and I both discussed the June docket which we both have available right now.

MR. ERMINE: And we also discussed the week after next as well.

THE COURT: Let me tell you my perspective. I know we have these criminal dockets and stuff. I pay very little attention to that. I really do. I mean, my whole thing is, you've got trials, you try them when you can try them. So in June, I don't even know what I have in June. And I'd probably be the one to try this again I would suspect. I don't know. What do we have in June?

MS. BALDWIN: June 12th?

THE COURT: So it looks like I can. But if we can do it earlier, we will do it earlier. What about the week after next?

MS. BALDWIN: You are out of town.


Case 4:16-cr-00110-BCW Document 141 Filed 08/18/17 Page 12 of 15

THE COURT: Well, June is open. You know, next week, just check on that trial. Sometimes they go away. I'd rather do it sooner than later.

So I'll get them out and ask that this is their wish for the deadlock and we will go from there.

(THEREUPON, the jury enters the courtroom; WHEREUPON, the following proceedings were had in the presence of the jury.)

THE COURT: Okay. Ladies and gentlemen of the Jury, I just want to double check. I brought you out here -- I received the latest question and, again, I'm going to focus on the foreperson, Ms. Thompson. I take this question to suggest we are still at a deadlock or a hung Jury or an impasse, is that correct?

MS. THOMPSON: Yes, sir.

THE COURT: And is it your belief that probably based upon what you all have talked about and deliberated about, that it is your belief that probably any further deliberations wouldn't resolve, wouldn't come to an unanimous decision?

MS. THOMPSON: Yes, sir.

THE COURT: Okay. Ladies and gentlemen of the Jury, at the time the Court is going to declare a mistrial. So you are no longer under that admonition of not talking about this case. You'll be discharged as jurors. What we're going to do I've got to talk to the attorneys briefly. We will recess. I

will be back -- I want to chat with you a little bit. I have certificates. I'll be back there in about two minutes once we adjourn. I'm going to talk to the attorneys briefly and then I will be back in the jury room to talk to you all.

(THEREUPON, the jury exits the courtroom; WHEREUPON, the following proceedings were had outside the presence of the jury.)

THE COURT: I think we are down. I think you guys need to get together and talk about dates. Okay. Thank you. I'm open to other dates beyond or before that June 12th date. I'll just make sure that we get that on the calendar for now. Mr. McCarther?

MR. MCCARTHER: Just so I'm clear, it doesn't have to be aligned with any criminal trial docket?

THE COURT: No. If I have room, let's try the case. It's a quick case and we can get it done. If you call me and it works for the Court, we will try the case. So you all talk and get back to me.

(THEREUPON, the following proceedings were adjourned.)

CERTIFICATE

I certify that the foregoing is a correct transcript from the record of the proceedings in the above-entitled matter.

August 17, 2016

/s/ Denise C. Halasey
Denise C. Halasey, CCR, CVR-CM
United States Court Reporter


Case 4:16-cr-00110-BCW Document 141 Filed 08/18/17 Page 15 of 15